UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL P. CANNON, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-01541-SEB-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Dismissing Motion to Vacate, Set Aside, or
Correct Sentence and Denying a Certificate of Appealability**

The petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his sentence was unconstitutionally enhanced and he must be resentenced. For the reasons stated below, the motion for relief is **denied**.

**A. Overview**

On June 22, 2016, the petitioner filed a motion pursuant to 28 U.S.C. § 2255. The petitioner claimed that, based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his offense for assaulting a correctional officer no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). Dkt. 1. He therefore concluded that he does not have the two necessary predicate convictions to qualify him as a career offender under the Sentencing Guidelines and that his sentence was improperly enhanced under that provision.

Upon a joint motion by the parties, this Court stayed the proceedings until the Supreme Court issued its decision in *United States v. Beckles*, 137 S. Ct. 886 (March 6, 2017). After the *Beckles* decision, counsel appointed to represent the petitioner moved to withdraw her appearance. Dkts. 8 & 9. This Court ordered the petitioner to either voluntarily dismiss this action or file a brief

showing cause "why this action should not be dismissed as untimely and lacking merit under *Beckles*." Dkt. 9.

The petitioner filed an amended § 2255 motion on May 26, 2017, contending that *Beckles* has no application to his case and that he should be "re-sentence[d] without the career offender enhancement improperly imposed pursuant to the Sentencing Guideline provision under U.S.S.G. § 4B1.2(a)." Dkt. 10, p. 3.

**B. Analysis**

Pursuant to 28 U.S.C. § 2244(b)(3), the Seventh Circuit authorized this Court to consider the petitioner's claim that his sentence is unconstitutional under *Johnson* which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. The petitioner was sentenced as a career offender under United States Sentencing Guideline § 4B1.2(a)(2) and argues that because the residual clause of the ACCA is unconstitutionally vague, it follows that the identical residual clause in the career offender provision of the Sentencing Guidelines is also unconstitutionally vague.

The United States Supreme Court, however, held otherwise in *Beckles v. United States,* 137 S.Ct. 886 (2017), concluding that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. In other words, the holding of *Johnson* does *not* apply to cases, like the petitioner's, challenging guideline calculations.

For these reasons, the petitioner's motion to vacate, set aside or correct sentence is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:04-cr-0201-SEB-DKL-3.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show

that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/14/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DANIEL P. CANNON
04287-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov